IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY CLAYTON                                                                                         PLAINTIFF

          v.                    Civil No. 6:10-cv-6073

CIRCUIT JUDGE CHRIS WILLIAMS;
PROSECUTING ATTORNEY RICHARD
GARRETT; PUBLIC DEFENDER GREGORY
CRAIN; PAROLE OFFICER CASSANDRA
ROWLUND; OFFICER JAGAIRAN CROSS;
OFFICER ROWE; and OFFICER LINGO                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Larry Clayton (hereinafter Clayton), an inmate in the Hot Spring County Jail, Malvern, Arkansas, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has filed a motion (ECF No. 4) to proceed *in forma pauperis* (IFP). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is currently before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

**Background**

According to the allegations of the complaint, Clayton was arrested by Officer Jagairan Cross (Cross) of the Malvern Police Department on June 23, 2010. Clayton alleges Cross made a deal with

him under which the charges against Clayton would be dropped to criminal mischief in exchange for him providing the names of three drug dealers. Later, Clayton maintains Cross also said Clayton had to "get drug money and take to the dealers for the deal to go through." (ECF No. 1 at pg. 4).

Clayton indicates he was arraigned by Circuit Judge Phillip H. Shirron. However, the case was then assigned to Circuit Judge Chris Williams. A public defender, Phyllis Lemons, was appointed to represent him. Clayton states his case was later assigned to public defender Gregory Crain (Crain).

On July 23, 2010, Clayton alleges Crain refused to accept the plea bargain and told Clayton that drug court would be offered as an option. However, later, Clayton states Crain changed his mind and decided drug court was not an option.

The complaint contains no allegations regarding the conduct of Parole Officer Cassandra Rowlund, Officer Rowe, and Officer Lingo. One grievance attached to the complaint regarding the availability of Ibuprofen was responded to by Officer Rowe.

As relief, Clayton seeks compensatory damages for the violation of his constitutional rights and the mental anquish he suffered as a result. He also asks for damages based on Defendants violation of their rules of professional conduct.

**Discussion**

Clayton is an inmate of the Hot Spring County Jail. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v.*

*Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). *See also* 28 U.S.C. § 1915A(b)(on review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his motion to proceed IFP (ECF No. 4), Plaintiff states he has no assets, has no cash in any checking or savings account, and is not employed. The records from the Hot Spring County Jail show his monthly balance averaged twenty dollars. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, Judge Chris Williams is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, Richard Garrett, the prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity

of a prosecutor from a civil suit for damages "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity.  A prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear Garrett is entitled to absolute immunity.  *See Reasonover v. St. Louis County, Mo*, 447 F.3d 569, 580 (8th Cir. 2006)(Prosecutor absolutely immune from a civil conspiracy charge when his alleged participation in the conspiracy consists of otherwise immune acts.  Even if the prosecutor knowingly presented false, misleading, or perjured testimony or withheld exculpatory evidence, he is absolutely immune from suit).

   To the extent Clayton's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Clayton can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

   Third, Gregory Crain, a public defender, is not subject to suit under § 1983.  To state a claim under § 1983, a Plaintiff must allege that the Defendants, while acting under color of state law, deprived him of a federal right.  In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.  Thus, when the

claim is that a public defender provided ineffective assistance of counsel, it does not state a cognizable claim under § 1983. *Id; see also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Fourth, the claim against Parole Officer Rowlund is subject to dismissal. Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, . . . 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Clearly, no plausible claim is stated against Rowlund.

Additionally, Rowlund is immune from suit. Parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity).

Fifth, any claim against Cross is not cognizable at this time. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a

determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Id*.

Sixth, to the extent Plaintiff's claims are not barred by *Heck*, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id*. (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Plaintiff's claims stem from the fact that he was arrested, incarcerated, and charged with various criminal offenses. The criminal case is currently pending. The issue of whether probable

cause existed for his arrest can be litigated in the state court criminal case. Similarly, the issue of whether a plea agreement should be accepted is a question for the presiding judge not this Court. To allow Plaintiff's action to proceed at this point would require this Court to interfere in ongoing state criminal proceedings, and this Court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

Finally, no claim is stated against Officer Rowe and Officer Lingo. The only place these officers are mentioned in the complaint is in the list of Defendants on page three (ECF No. 1 pg. 3). No plausible claim for relief has been stated against these two Defendants.

## Conclusion

For the reasons stated, I recommend that the IFP application (ECF No. 4) be denied and the complaint be dismissed. The claims asserted are frivolous, fail to state claims upon which relief may be granted, are asserted against individuals immune from suit, or are not presently cognizable. 28 U.S.C. § 1915A(b).

**Clayton has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Clayton is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of November 2010.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE